UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| MAX REED, II, | Case No. 3:14-cv-00313-MMD-VPC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| NEVADA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

**I.   DISCUSSION**

On August 12, 2014, this Court entered a screening order permitting some of Plaintiff's fifteen (15) counts to proceed past screening. (Dkt. no. 9.) The Court stayed the case for ninety (90) days to give the parties an opportunity to attend mediation with a court-appointed mediator. (Dkt. nos. 9, 16.) The inmate early mediation conference is scheduled for October 21, 2014. (Dkt. no. 16.) On October 2, 2014, Plaintiff filed a motion for injunctive relief seeking immediate transfer to Northern Nevada Correctional Center ("NNCC"). (Dkt. no. 18.) On October 14, 2014, Defendants filed a motion for request for instructions as to whether they needed to respond to Plaintiff's motion for injunctive order. (Dkt. no. 19.)

In the motion for injunctive relief, Plaintiff alleges the following: Plaintiff is incarcerated at Ely State Prison ("ESP") but seeks an immediate transfer to NNCC because he cannot effectively litigate this case and others at ESP. (Dkt. no. 18 at 1.) Plaintiff does not have direct physical access to the ESP law library. (*Id.* at 2.) ESP uses the paging system where Plaintiff must use exact citations. (*Id.*) Plaintiff is being denied

legal assistance because the staff says that they cannot provide legal advice. (*Id.*) Plaintiff's litigation efforts are being impeded and frustrated because he cannot submit evidence in support of this motion and his motion for summary judgment. (*Id.* at 4.) Plaintiff wants this Court to transfer him to NNCC and to place him into general population. (*Id.* at 7, 9.)

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (*quoting Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The Court denies Plaintiff's motion for injunctive relief. Plaintiff cannot establish irreparable harm in this case. Plaintiff states that he needs to be transferred to NNCC in order to provide evidence for this motion and for his motion for summary judgment.[1] The Court notes that, pursuant to this Court's screening order, "no other pleadings or papers shall be filed in this case, and the parties shall not engage in any discovery" during the 90-day stay. As such, Plaintiff has no reason to provide evidence to this Court at this time. The Court denies the motion for injunctive relief.

The Court grants Defendants' request for instruction. (Dkt. no. 19.) Defendants shall not respond to Plaintiff's motion for injunctive relief.

///

///

---

[1] To the extent that Plaintiff is alleging that he cannot file a motion for summary judgment in another case, Plaintiff shall file a motion for relief in that other case.

2

## II. CONCLUSION

For the foregoing reasons, it is ordered that the motion for injunctive relief (dkt. no. 18) is denied.

It is further ordered that the motion for request for instructions (dkt. no. 19) is granted. Defendants shall not respond to Plaintiff's motion for injunctive order.

DATED THIS 20th day of October 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE