UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MAX REED, II,<br><br>                    Plaintiff,<br><br>v.<br><br>NEVADA DEPARTMENT OF<br>CORRECTIONS, *et al.*,<br><br>                    Defendants. | 3:14-cv-00313-MMD-VPC<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before is plaintiff's motion for a preliminary injunction motion (#34). The court has reviewed the motion and related papers, and hereby recommends that the motion be denied.

### I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Max Reed II ("plaintiff") is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). Presently, plaintiff is incarcerated at Ely State Prison ("ESP") in Ely, Nevada. Pursuant to 42 U.S.C. § 1983, plaintiff brings several civil rights claims against NDOC and ESP officials.

On August 12, 2014, the District Court screened the complaint (#10) pursuant to 28 U.S.C. § 1915A. In its screening order (#9), the Court dismissed several counts and permitted others to move forward. On December 3, 2014, the District Court granted plaintiff's motion to amend the complaint and once again screened the complaint (#30). In the second screening order, the Court allowed several claims to move forward, including First Amendment claims in which plaintiff alleged denial of access to the courts because of defendants' interference with and/or withholding of his legal papers and inadequate access to the ESP law library. (*See id.* at 4-7.)

Prior to the instant action, plaintiff directly appealed his criminal conviction and began litigating a *habeas corpus* action in state court. Additionally, plaintiff filed a civil rights action under 42 U.S.C. § 1983 against officers in the Washoe County Sherriff's Office for their alleged denial of access to the courts, via inadequate legal materials, during his pre-trial detention at the Washoe County Detention Facility. *See Max Reed II v. Deputy Tracy*, 3:11-cv-00066-HDM-RAM. During the pendency of these actions, plaintiff was temporarily transferred on several occasions between ESP and NNCC for proceedings in Reno at which his presence was required. He acquired several boxes of legal materials, some of which accompanied him back to ESP and others that apparently remained at NNCC, pursuant to applicable NDOC regulations.

## II. LEGAL STANDARD

Courts may grant preliminary injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure. Such remedies are disfavored, as they are "extraordinary and drastic . . . ." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations omitted); *see also Winter v. Natural Res. Defense Council*, 555 U.S. 7, 21 (2008). Ordinarily, preliminary injunctive relief aims to preserve the status quo pending a determination of the case on the merits. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009).

When seeking a preliminary injunction, the moving party must satisfy several showings. He must establish that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the equities balance in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20; *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In circumstances where the likelihood of success is uncertain because of "serious questions" relating to the merits of the case, but irreparable injury is likely and the balance of hardships "tips sharply" in the movant's favor, the Ninth Circuit also employs a "sliding scale" test. *Cottrell*, 632 F.3d at 1134-35. Thereunder, an injunction is appropriate where the other three factors weigh heavily in the movant's favor and the "costs outweigh the benefits of not granting an injunction." *Id.* at 1133-34 (quoting and discussing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010)).

Other considerations may apply to preliminary injunctive relief within the prison context. First, in contrast to injunctive relief that maintains the status quo, a more stringent standard applies where a party seeks affirmative relief. When "a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo *pendente lite*, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984). Second, courts must weigh additional factors in inmate civil rights litigation. Under the Prison Litigation Reform Act ("PLRA"),

> [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2).

### III. DISCUSSION

In his motion, plaintiff asks the District Court to order defendants to answer several questions, described in the motion, pertaining to the origin, location, confiscation, holding, and collection of his legal papers and legal boxes (#34). He also seeks an order that they return the boxes to his possession. Defendants oppose on the basis that the legal boxes are, in fact, available to plaintiff in the ESP property room. (#39 at 4-5.)[1] They support their position with a declaration by Curtis Kerner, the ESP Property Sergeant, who states that plaintiff was made aware of the presence of the boxes and refused to retrieve them because he is uncertain of their origin. (#34-4 at 2.) They additionally include as an exhibit a notice, signed by plaintiff, about the availability of the legal boxes. (#35-1.) In light of this evidence, they argue that plaintiff will not likely succeed on the merits of a denial-of-access claim because he, rather than they, is responsible for any harms to his legal cases that resulted from the absence of these materials. (#34 at 5.)

---

[1] After filing their response to plaintiff's motion, ESP staff apparently delivered the materials from the property room to his cell. (*See* #58.)

The court recommends that plaintiff's motions be denied for two reasons. First, the court believes, based upon plaintiff's representations, that the issue is moot. Second, plaintiff has failed to establish his entitlement to relief under the factors.

**1.    The issue is moot.**

The court takes notice of plaintiff's filing at docket no. 58, in which he states that defendants placed his legal boxes in his cell—apparently to his dislike. Whatever plaintiff's displeasure, the record indicates that he now possesses the materials related to this motion and no live issue remains before the court. Accordingly, the court recommends that the motion be denied as moot.

**2.    Plaintiff is not entitled to injunctive relief.**

A prisoner may bring a claim for denial of access to the courts due to active interference by prison officials with his efforts to litigate a case. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011). The plaintiff must establish that the officials' actions caused actual injury: "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey*, 518 U.S. 343, 346 (1996). If the injury results from delays in access to legal materials under a policy reasonably related to legitimate penological interests, however, the injury is not constitutionally significant. *Id.* at 361-62.

The court recommends that plaintiff's motion be denied because he has failed to establish his entitlement to injunctive relief under the *Winter* factors. First, the court agrees with defendants' argument that plaintiff is unlikely to succeed on the merits. Plaintiff failed to counter defendants' opposition. Accordingly, the present record provides no basis from which this court can determine that defendants are presently withholding any legal materials that belong to plaintiff. Instead, the court is able to conclude at this juncture only that plaintiff's unexplained reasons for refusing to retrieve his boxes was the cause of any harm he faced during the period in which he allegedly lacked access to them. In addition, plaintiff cites no authority for the proposition that defendants must articulate to his liking the origin and chain of custody of the boxes. As such, there is no compelling basis for concluding that plaintiff will likely succeed against defendants on that issue.

Second, plaintiff has not demonstrated that he will suffer irreparable harm in absence of the injunction. Although he states that he was forced to file an incomplete *habeas* petition because of defendants' confiscation of the materials, and would also face extreme prejudice at an upcoming evidentiary hearing regarding the same, the Second Judicial District Court ruled on the case on March 19, 2015. (*See* #76-1 at 5-7.) As such, there will be no irreparable harm without the injunction, for the state court has already ruled. To the extent he would be harmed without these files if and when he appeals the state district court's decision, that issue is moot because the boxes are in his possession. (*See* #58.) As to the necessity of an injunction to prevent harm, plaintiff has failed to explain why he simply refused to retrieve the boxes from the property room.

The court believes that the remaining *Winter* factors weigh slightly in plaintiff's favor. The burden upon the NDOC of returning legal boxes[2] and/or verifying their origin is fairly low when weighed against the plaintiff's purported need for them to litigate his cases. The public interest is also served by carefully protecting the right of inmates to bring challenges to their convictions. Nevertheless, because plaintiff's motion is deficient under the first two factors, the court recommends that it be denied.

### IV. CONCLUSION

Because plaintiff has not carried the burden of establishing his entitlement to injunctive relief, the court recommends that his motion be denied.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

---

[2] Based upon plaintiff's representations, defendants already did so.

     2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for a preliminary injunction (#34) be **DENIED**.

DATED: April 27, 2015.

_____
UNITED STATES MAGISTRATE JUDGE