UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MAX REED, II,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>NEVADA DEPARTMENT OF<br>CORRECTIONS, *et al.*,<br>　　　　　　　　　Defendants. | 3:14-cv-00313-MMD-VPC<br><br><br>**ORDER** |

Before the court are several motions and pleadings: docket numbers 52, 53, 57, 58, 62, 63, 66, 67, 73, 75 and 76. For the reasons described herein, the court orders as follows.

**I.　　Docket Nos. 57, 62, 66, and 75**

Docket no. 57 is plaintiff's motion for a subpoena of certain discovery against defendants. Plaintiff indicates that he requires surveillance footage and also a vaguely described NDOC form to support his motion for a temporary restraining order. Docket no. 62 is defendants' request for an enlargement of time to oppose plaintiff's motion.

Docket no. 66 is another request for subpoenas for various documents against NDOC officials and the United States Postal Service. Plaintiff states that these records "are relevant, and necessary for a fair and full presentation of the facts in regards to these proceedings." Docket no. 75 is a request for service upon defendants by the United States Marshals Service ("USMS") of the described subpoenas.

Rule 26(d) of the Federal Rules of Civil Procedure generally provides that discovery shall not commence until the opening motion practice and the completion of a Rule 26(f) conference between the parties. Upon a showing of good cause, however, this court may permit expedited discovery. *See American LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066-67 (C.D. Cal. 2009); *Qwest Commc'ns Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) (observing that the movant "has the burden of showing good cause . . ."). "'Good cause

exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs prejudice to the responding party."'" *First Option Mortg., LLC v. Tabbert*, No. 2:12-cv-00600-KJD-VCF, 2012 WL 1669430, at *1 (D. Nev. May 11, 2012) (quoting *American Legalnet*, 673 F. Supp. 2d at 1066).

"The court considers the following factors when determining whether to permit such discovery: (1) whether a preliminary injunction is pending, (2) the breadth of the discovery requests, (3) the purpose for requesting the expedited discovery, (4) the burden on the defendants to comply with the requests, and (5) how far in advance of the typical discovery process the request was made." *Id.* at *2.

Plaintiff's motions for subpoenas (#s 57, 66) are **DENIED** because he has neither offered arguments in favor of good cause, nor articulated how the identified items will allow him to establish his entitlement to preliminary injunctive relief. Factors one and two weigh in his favor, as the motions are pending and the requests are facially narrow. Yet factors three, four, and five dispositively weigh against his request. In particular, factor three is most persuasive: plaintiff has provided no basis from which the court can determine that the requested discovery is crucial to his pending motions. Accordingly, the court will not deviate from ordinary case procedures. Because the court denies plaintiff's motion, it also **DENIES as moot** defendants' motion for an extension (#62) and plaintiff's request for service of the subpoenas by the USMS (#75).

Plaintiff is encouraged to carefully review the Federal Rules of Civil Procedure and the Local Rules of this District regarding discovery procedures and obligations. Plaintiff may propound proper discovery requests upon defendants to obtain information that he believes is necessary to prove his case when discovery opens. Relatedly, plaintiff is reminded that the Rules require him to engage in good faith meet-and-confer efforts with defendants to obtain discovery. If, and only if, plaintiff is unable to obtain such information following these efforts, he may file a motion to compel in accordance with applicable discovery rules.

II. **Docket nos. 52, 53, 58, 63, and 67**

Docket nos. 52, 53, and 58 are plaintiff's proposed show cause orders against defendants. In each, plaintiff asks that the court order defendants to show cause about "why a preliminary

injunction should not issue pursuant to Rule 65(a) of the Federal Rules of Civil Procedure . . . ." In short, the orders concern the law library paging system at ESP, the origin and location of his legal boxes, and an apparent delay in his transfer to NNCC in retaliation for his civil rights litigation against prison officials. Defendants request at docket no. 63 an extension of time in which to respond to docket 58. Docket no. 67 is plaintiff's request for an extension of time to respond to defendants' anticipated response.

As the Supreme Court has explained, "[a] preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 21 (2008). Accordingly, Ninth Circuit cases interpreting Rule 65 make plain that movants "must establish" irreparable harm and other elements. *See, e.g., Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

Plaintiff's proposed show cause orders (#s 52, 53, and 58) are **DENIED WITHOUT PREJUDICE**. These motions are procedurally defective. Plaintiff must show why injunctive relief is appropriate under several factors. *See Winter*, 555 U.S. at 20. Defendants are never required to first show why injunctive relief should *not* be awarded. Accordingly, the motions improperly seek to flip the burden. In addition, the court declines to construe the motions as seeking injunctive relief alone. Because plaintiff's motions attempt to put the burden on defendants, they do not address the relevant factors and factual background, and the court would be left to inefficiently speculate as to facts to be considered under the relevant test.

If plaintiff believes there is sufficient factual basis for the court to enjoin defendants for alleged violation of his rights, he must file a procedurally proper and adequately supported motion for injunctive relief in which he makes a good faith effort to discuss the alleged facts under the applicable test. Because the court denies the proposed orders, it also **DENIES as moot** defendants' request for an enlarged period of time to respond (#63) and plaintiff's request for an extended period in which to reply to such a response (#67).

III.    **Docket no. 73**

Docket no. 73 is a motion by defendants to strike plaintiff's pleading at docket no. 65. The motion is **GRANTED**. Plaintiff's pleading is, in effect, a surreply to defendants' reply to his

opposition to their motion for summary judgment. In this District, briefing consists of a motion and opening brief, an opposition, and a reply. *See* Local Rule 7-2. The non-moving party—in this instance, plaintiff—may not respond to the moving party's reply without obtaining leave of the court. *See id.* Because plaintiff did not obtain leave to file a surreply, the court **GRANTS** defendants' motion (#73) and **STRIKES** docket no. 65.

### IV.  Docket no. 76

Docket no. 76 is plaintiff's request to supplement his opposition to defendants' summary judgment motion (#54) with an order by Nevada's Second Judicial District Court, which denies his petition for post-conviction *habeas corpus* relief. The motion (#76) is **GRANTED**. The court will consider the order in its forthcoming report and recommendation to the District Court on defendants' motions to dismiss/motion for summary judgment (#s 45/46).

**IT IS SO ORDERED.**

DATED: April 24, 2015

_____
UNITED STATES MAGISTRATE JUDGE