# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MAX REED, II,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>　　　　　　Defendants. | 3:14-cv-00313-MMD-VPC<br><br>**MINUTES OF THE COURT**<br><br><br>May 1, 2015 |

PRESENT:　　THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:　　　LISA MANN　　　REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

　　Before the court are plaintiff's motions (#s 84/85).

　　First, the court has ruled or entered recommended dispositions on the pending motions that plaintiff identifies. These have been or will be delivered to him via the U.S. Postal Service. Therefore, the motion (#84) is **DENIED as moot**.

　　Second, the court shall not order the Clerk to provide plaintiff copies of his filings. Plaintiff is obviously capable of retaining a copy of papers he files, and defendants must serve upon him a copy of their motions and papers. It is not the court's obligation to provide additional copies to a litigant who misplaces documents, even when the litigant is indigent. If plaintiff desires new copies of any papers, he may submit a copy request form to the Clerk stating the specific documents he would like copied along with the appropriate fee, or request the same from ESP officials as permitted by applicable prison policies. The motion for copies (#85) is **DENIED**.

　　Finally, plaintiff is advised that his habit of filing new motions that are, in substance, identical to motions he has already filed, and/or filing motions seeking "updates" or immediate action on pending motions will not increase the speed with which the court is able to proceed in this case. The court has a heavy docket. Plaintiff's case is just one of hundreds before the court.

Thus, plaintiff's repetitive (and borderline frivolous) filings only *slow* the pace of this litigation by requiring the court's attention and consideration of small and secondary matters instead of the central issues in this case.

The court has been lenient because plaintiff is a *pro se* party.  However, this does not give plaintiff a blank check to clutter the docket.  *See Schenker v. Rowley*, No. 3:12-cv-00174-LRH-VPC, 2013 WL 321688, at *3-4, 5-6 (D. Nev. Jan. 28, 2013).  Plaintiff is warned that his status as an indigent litigant will not dissuade the court from considering sanctions against him for filing groundless and duplicative motions.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By:  _____/s/_____
      Deputy Clerk