UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MAX REED II,<br><br>                          Plaintiff,<br>    v.<br><br>NEVADA DEPARTMENT OF<br>CORRECTIONS, et al.,<br><br>                          Defendants. | Case No. 3:14-cv-00313-MMD-VPC<br><br>ORDER |

Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke (dkt. no. 88) ("R&R") relating to Defendants' motion to dismiss and motion for summary judgment (dkt. nos. 45, 46.) The Magistrate Judge recommended that Defendants' motions be denied. Defendants have filed an objection to seek clarification from this Court. (Dkt no. 92.)

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed.

*See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection.").

Defendants do not object to the Magistrate Judge's R&R. (Dkt. no. 92.) They file their objection to ask whether this Court agrees to permit subsequent motion practice. First and foremost, while Defendants do not specifically object to the Magistrate Judge's decision, this Court finds it appropriate to nevertheless conduct a *de novo* review of the Magistrate Judge's R&R. After reviewing the records in this case, the Court agrees with the Magistrate Judge's recommendations. Defendants filed their motions seeking dismissal under Rules 12(b)(1), 12(b)(6) and 56 of the Federal Rules of Civil Procedure before filing their answer. The Magistrate Judge specifically recommended denying Defendants' motions without prejudice and that Defendants be permitted the opportunity to subsequently raise two of the arguments advanced in their motions relating to the statute of limitations and supervisory liability. As to Defendants' arguments relating to Plaintiff's First Amendment claim involving the adequacy of Ely State Prison's ("ESP") law library, the Magistrate Judge observed that this claim involves a fact-intensive inquiry and recommended denying summary judgment, finding that factual disputes preclude summary judgment. While the Magistrate Judge did not specifically recommend that Defendants be given the opportunity to subsequently raise their arguments with respect to Plaintiff's Count II First Amendment claim involving access to the ESP law library, the Court notes that Defendants would not be foreclosed from later seeking summary judgment if discovery resolves the factual disputes in their favor.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Valerie P. Cooke (dkt. no. 88) is accepted and adopted
///

in its entirety. Defendants' motion to dismiss and motion for summary judgment (dkt. nos. 45, 46) are denied.

DATED THIS 27th day of August 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE