UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MAX REED, II,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>NEVADA DEPARTMENT OF<br>CORRECTIONS, *et al.,*<br><br>　　　　　　　Defendants. | 3:14-cv-00313-MMD-VPC<br><br>**REPORT AND RECOMMENDATION**<br><br>**OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Pending before the court are plaintiff's identical motions for a temporary restraining order ("TRO") and a preliminary injunction (#s 96/97).[1] Defendants opposed (#101), and plaintiff replied (#105). On April 19, 2016, the parties appeared in court to discuss issues raised by the motions. Having reviewed the arguments raised in the filings and at the hearing, the court hereby recommends that plaintiff's motions be denied.

**I.　　FACTUAL BACKGROUND & PROCEDURAL HISTORY**

Max Reed II ("plaintiff") is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). Plaintiff is presently incarcerated at High Desert State Prison ("HDSP") in Indian Springs, Nevada, but he has also been held at Ely State Prison ("ESP") in Ely, Nevada and Northern Nevada Correctional Center ("NNCC") in Carson City, Nevada.

---

[1] Plaintiff's motions are styled as proposed show cause orders, requesting that defendants show cause as to why a preliminary injunction should not be awarded. (#96 at 1–2; #97 at 1–2.) Under *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2007), it is plaintiff's burden to demonstrate why he is entitled to injunctive relief. The proposed orders improperly seek to flip the burden. However, attached as an exhibit to each order is a memorandum of law, which properly addresses the relevant *Winter* factors and factual background. (*See* #96-1; #97-1.) The court considers this memorandum in the discussion that follows. As docket #s 96 and 97 are identical, from this point forward the court will limit its citations to #96.

1          Plaintiff was convicted and sentenced to prison by the Second Judicial District Court of the State of Nevada in criminal case number CR10-1575. (#96-2 at 1–2.) Plaintiff filed a direct appeal, but his conviction was affirmed by the Nevada Supreme Court on July 30, 2014. (*Id.* at 2.) Plaintiff then filed a petition for the writ of *habeas corpus*. (*Id.* at 3.) The state court denied the writ on March 19, 2015, and plaintiff appealed the decision to the Nevada Supreme Court. (*Id.* at 4.)

          In this action plaintiff asserts civil rights claims pursuant to 42 U.S.C. § 1983 against several NDOC, ESP, and NNCC officials (collectively, "defendants"). The amended complaint alleges, among other things, that defendants have failed to respond to kites, grievances, and court orders requesting that plaintiff be able to access DVDs, VHS tapes, CD-ROMs, and cassettes (collectively, "media evidence"). (#31 at 10.) Included within the media evidence were digital copies of transcripts related to his state court criminal trial. (*Id.*) Defendants also confiscated multiple boxes of records related to the criminal trial and a federal civil rights case, 3:11-cv-66-HDM-WGC. (*Id.*) Plaintiff alleges that lack of access his media evidence and other records has impeded his ability to attack his conviction on direct appeal and in litigating his post-conviction writ of habeas corpus. (*Id.*) The District Court screened the complaint on December 3, 2014, and allowed plaintiff to proceed on denial of access to the court claims, Sixth Amendment right to self-representation claims, and due process claims. (#30 at 4–10.) In that order, the court also denied plaintiff's motion for injunctive relief because he failed to demonstrate irreparable harm. (*Id.* at 11.)

          On February 23, 2015, and on March 2, 2015, plaintiff submitted proposed show cause orders (#s 52, 53, 58) requesting that defendants show cause as to why a TRO and preliminary injunction should not issue, and moving the court to order defendants to stop all retaliatory actions, process his transfer to NNCC, and return his evidence. (*See* #52 at 2.) On April 27, 2015, the court denied the motions as procedurally defective and advised plaintiff that he bears the burden of showing his entitlement to injunctive relief. (#82 at 3; *see also* #89.) On May 21,

2015, the court denied defendants' motion for dismissal and/or summary judgment (#s 45/46), observing that material facts remained in dispute (#s 88/94).

Plaintiff filed the instant motions for TRO and a preliminary injunction on October 30, 2015. Plaintiff seeks an order compelling defendants to (1) authorize plaintiff to obtain flash drives and a USB cord that are compatible with his MP3 player and television, and to keep those items in his cell; (2) pay a production company $10,600 to replace lost or destroyed media evidence; (2) call the Washoe County District Attorney's Office to arrange for plaintiff to receive a complete copy of the paper and media discovery from his criminal case; and (4) ship plaintiff's MP3 player to a company that can install a computer program to allow plaintiff to use the device to save documents and open case files.[2] (#96 at 1–2.) In sum, plaintiff seeks to ensure that he is provided adequate access to his criminal trial transcripts and other relevant media evidence in order to litigate his post-conviction writ of habeas corpus. (#96 at 1.)

On April 14, 2016, while plaintiff's motions were pending, the Nevada Supreme Court issued an order affirming the denial of plaintiff's habeas petition.[3]

## II.    LEGAL STANDARD

Courts may grant preliminary injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure. Such remedies are disfavored, as they are "extraordinary and drastic . . . [and] never awarded as of right[.]" *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (internal citations omitted). Ordinarily, preliminary injunctive relief aims to preserve the status quo pending a determination of the case on the merits. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009).

---

[2] Plaintiff also requested that defendants process his transfer from ESP to NNCC; however, after the date of filing, plaintiff was transferred from ESP to HDSP. (#105 at 1.) Plaintiff submitted two motions to supplement (#s 109/125) apprising the court of the new developments. Plaintiff also noted that, in light of changed circumstances, alternatives to his other requests for relief may be appropriate. (*See* #125 at 5–6.)

[3] The court takes judicial notice of the docket of the Nevada Supreme Court in *Reed v. Warden*, No. 67842, *available at* http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=36049 (report generated April 21, 2016).

The standards for issuing a TRO and a preliminary injunction are "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *V'Guara Inc. v. Dec*, 925 F. Supp. 2d 1120, 1123 (D. Nev. 2013). For either form of relief, the moving party must make several showings: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the equities balance in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008); *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In circumstances where the likelihood of success is uncertain because of "serious questions" relating to the merits of the case, but irreparable injury is likely and the balance of hardships "tips sharply" in the movant's favor, the Ninth Circuit also employs a "sliding scale" test. *Cottrell*, 632 F.3d at 1134–35. Thereunder, an injunction is appropriate where the other three factors weigh heavily in the movant's favor and the "costs outweigh the benefits of not granting an injunction." *Id.* at 1133–34 (discussing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010)).

Other considerations may apply to preliminary injunctive relief within the prison context. First, in contrast to injunctive relief that maintains the status quo, a more stringent standard applies where a party seeks affirmative relief. When "a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo *pendente lite*, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984). Thus, mandatory preliminary relief is only warranted where both the facts and the law must clearly favor the moving party and "extreme or very serious damage will result." *Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 2009) (internal quotation omitted); *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1160-61 (9th Cir. 2011). Second, the Prison Litigation Reform Act ("PLRA") provides that, with regard to prison conditions,

> [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a

1 criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . in tailoring any preliminary relief.

2 18 U.S.C. § 3626(a)(2).  Therefore, the PLRA "operates simultaneously to restrict the equity
3 jurisdiction of federal courts and to protect the bargaining power of prison administrators—no
4 longer may courts grant or approve relief that binds prison administrators to do more than the
5 constitutional minimum."  *Gilmore v. California*, 220 F.3d 987, 999 (9th Cir. 2000) (citing §
6 3626(a)(2)).

## III.  DISCUSSION

The pending motions implicate plaintiff's right to access the courts.  In *Lewis v. Casey*, 518 U.S. 343, 346 (1996), the Supreme Court held that inmates have a fundamental constitutional right of access to the courts to challenge conditions of confinement and their criminal convictions.  Having reviewed the allegations put forth at the various stages of this case, the court is sympathetic to the challenges plaintiff appears to have faced in attempting to prepare for litigation.  However, the court must also be mindful of the high bar set by Ninth Circuit precedent and by the PLRA with regard to preliminary relief.

For a preliminary injunction to issue, plaintiff must present evidence showing that the events he has complained of are likely, if left unremedied, to result in irreparable harm.  Stated another way,

> plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.  This requirement assures that there is a real need to exercise the power of judicial review in order to protect the interests of the complaining party.

*Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (internal citations and quotations omitted).

Plaintiff identifies two grounds on which he will be harmed should this court decline to act.  First, plaintiff is unable to view or prepare his trial transcripts and media evidence related to his criminal case, which impedes his pursuit of post-conviction relief and prevents him from proving his innocence. (#96-1 at 3–4.)  Second, plaintiff contends that the continued deprivation

of constitutional rights constitutes irreparable harm. (*Id.* at 3.) For the reasons discussed below, the court concludes that neither is sufficient.

The Nevada Supreme Court issued an order on April 14, 2016 affirming the denial of plaintiff's habeas petition. Therefore, with regard to those state proceedings, an injunction would not "prevent or redress the injury"—the Nevada Supreme Court has already ruled. *See Summers*, 555 U.S. at 493.

Looking forward, the court has no doubt that plaintiff will file a federal habeas petition pursuant to 28 U.S.C. § 2254, as plaintiff suggested he would in the motions hearing. Plaintiff has not asserted that defendants' actions prevent him from timely filing in federal court, and this case and others illustrate that he is capable of doing so. Once the petition is filed, the record from the underlying criminal proceeding must be lodged with the reviewing court. *See* 28 U.S.C. § 2254(f), (g). Pursuant to Rule 5 of Rules Governing Section 2254 Cases, the respondent shall attach the state court records relevant to the petition in their response to plaintiff's petition:

> **(c) Contents: Transcripts.** The [respondent's] answer must also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.
>
> **(d) Contents: Briefs on Appeal and Opinions.** The respondent must also file with the answer a copy of:
>
> > **(1)** any brief that that the petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding;
> >
> > **(2)** any brief that the prosecution submitted in an appellate court relating to the conviction or sentence; and
> >
> > **(3)** the opinions and dispositive orders of the appellate court relating to the conviction or the sentence.

Once the state criminal trial transcripts are filed with the federal court, as required by Rule 5, plaintiff will be afforded the opportunity to obtain said transcripts, either in *pro se* capacity or

through appointed counsel. Plaintiff may also obtain the exhibits and other discovery that were relevant to the state court's decision without this court compelling defendants to furnish them. Accordingly, in light of the federal habeas rules, plaintiff has not shown at this juncture that he is likely to be irreparably injured by this court's decision to refuse to order the requested relief. A conjectural, hypothetical, or remote injury does not suffice. *Summers*, 555 U.S. 488.

Having found that plaintiff has not made the requisite showing of irreparable harm, the court concludes that a preliminary injunction is not warranted. This decision is in keeping the Ninth Circuit's heightened standard for mandatory injunctions, under which the facts and law must clearly favor plaintiff and serious harm must be a likely result of this court's inaction. *See Park Vill.*, 636 F.3d at 1161.

### IV.   CONCLUSION

For the foregoing reasons, the court recommends that plaintiff's motions for preliminary injunctive relief be denied. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### V.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motions for a temporary restraining order and a preliminary injunction (#s 96/97) be **DENIED**.

**DATED**: April 27, 2016.

_____
**UNITED STATES MAGISTRATE JUDGE**