UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| MAX REED, II,<br><br>               Plaintiff,<br><br>   v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>               Defendants. | 3:14-cv-00313-MMD-VPC<br><br>**<u>MINUTES OF THE COURT</u>**<br><br><br><br>May 20, 2016 |

PRESENT:     <u>THE HONORABLE VALERIE P. COOKE</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:     <u>     LISA MANN     </u>     REPORTER: <u>NONE APPEARING</u>

COUNSEL FOR PLAINTIFF(S): <u>NONE APPEARING     </u>

COUNSEL FOR DEFENDANT(S): <u>NONE APPEARING     </u>

**MINUTE ORDER IN CHAMBERS:**

      Before the court are several motions: #s 109, 114, 115, 116, 117, 118, 122, and 125.

      Plaintiff moved for a "status check" on his motions for a temporary restraining order ("TRO") and preliminary injunctive relief on February 10, 2016 (#114) and March 11, 2016 (#122). In light of this court's report and recommendation that plaintiff's motions be denied (#127), issued on April 27, 2016, the "status check" motions have been mooted. As such, the motions (#114, 122) are hereby **DENIED**.

      Prior to the issuance of the April 27 report and recommendation, plaintiff also moved to supplement (#s 109, 125) the motions for a TRO and preliminary injunctive relief. The substance of those motions was discussed during the motion hearing on April 19, 2016, and considered by the court in its report and recommendation. (*See* #127 at 3 n.2.) Therefore, the court **GRANTS** the motions to supplement (#s 109, 125) nunc pro tunc.

      On February 10, 2016, plaintiff moved to request clarification and/or assistance with discovery materials (#115). Plaintiff contends that he requested defendants produce his NDOC phone call history, to be produced on a "flash drive." (#115 at 1.) Defendants produced the requested materials on twenty-five CD-ROMs, accompanied by a hard copy document listing the date, time, and location of the phone calls. (*Id.* at 1–2.) As the CD-ROM format will "cause

undue delay" in plaintiff's review of the calls, plaintiff seeks from the court an order directing defendants to re-produce the discovery on a flash drive and with a universal adaptor. (*Id.* at 3.) Defendants argue that such an order would be unproductive given that inmates are not permitted to access or use flash drives, and inappropriate in light of Fed. R. Civ. P. 34(b)(2)(E)(iii), which does not require a party to produce electronically stored information in more than one form. (#120 at 1–2.) Under the circumstances, the court agrees that defendants have met their burden of production. Whatever the inconvenience of CD-ROMs they are a format "reasonably usable" to plaintiff, as required by Rule 34. The flash drives, which plaintiff could not review at all, fall short of that threshold. Accordingly, the motion (#115) is **DENIED.**

On February 11 (#116) and February 12, 2016 (#117) plaintiff moved for declaratory judgment, seeking statements from the court regarding his constitutional right to access his media evidence while in NDOC custody (#116 at 2); his Sixth Amendment right to self-representation in pursuit of his post-conviction writ of habeas corpus; and his Sixth Amendment right to access his trial transcripts and media evidence for use in accessing the courts (#117 at 2.) Plaintiff's motions are improper. Declaratory relief is properly sought through a pleading, 28 U.S.C. § 2001, such as a complaint, Fed. R. Civ. P 7(a), and not in a motion. Indeed, plaintiff's amended complaint already seeks declaratory relief. (#31 at 33.) Further, supposing plaintiff's motion was intended as a motion for summary judgment, he failed to set forth the relevant legal standards or evidence to demonstrate that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Accordingly, the motions for declaratory judgment (#s 116/117) are **DENIED**.

On February 22, 2016, plaintiff filed a motion seeking clarification as to the court's notice pursuant to Local Rule IB 2-2 (#118). The court **GRANTS** plaintiff's motion, and advises plaintiff that if he consents to have the case referred to a magistrate, and if defendants also consent, Magistrate Judge Valerie P. Cooke will conduct all proceedings including trial, the entry of final judgment, and all post-trial proceedings.

Finally, given the sizable docket that has accumulated in this case, the court finds it appropriate to advise plaintiff that his habit of filing new motions that are, in substance, identical to motions he has already filed, and/or filling motions seeking updates on pending motions, will not increase the speed with which the court is able to proceed. The court has a heavy docket. Plaintiff's case is just one of hundreds before the court. Thus, such filings only *slow* the pace of litigation by requiring the court's attention on secondary matters instead of the central issues in this case. The court is mindful that plaintiff is a *pro se* party and has, therefore, construed plaintiff's filings with leniency. Nevertheless, this does not give plaintiff a blank check. *See Schenker v. Rowley*, No. 3:12-cv-00174-LRH-VPC, 2013 WL 321688, at *3, 5–6 (D. Nev. Jan. 28, 2013). Plaintiff is warned that his status as an indigent litigant will not dissuade the court from considering sanctions against him for filing groundless and duplicative motions.

**IT IS SO ORDERED.**

                                                    LANCE S. WILSON, CLERK

                                                    By:           /s/          
                                                                   Deputy Clerk