1
2
3
4
5
6                      UNITED STATES DISTRICT COURT

7                            DISTRICT OF NEVADA

8                                   * * *

9   MAX REED II,                              Case No. 3:14-cv-00313-MMD-VPC

10                               Plaintiff,

11          v.                                               ORDER

                                            (Plaintiff's Objection – ECF No. 130.)
12  NEVADA DEPARTMENT OF
    CORRECTIONS, *et al.*,

13                              Defendants.

14

15  **I.    SUMMARY**

16          Before the Court is an objection (ECF No. 130) Plaintiff Max Reed filed in

17  response to Magistrate Judge Cooke's Report and Recommendation ("R&R") (ECF No.

18  127). The objection was filed late, after the Court issued an order adopting the R&R in

19  full. (ECF No. 129.) Consequently, the Court construed the objection as a motion for

20  reconsideration ("Motion") and allowed the parties to fully brief the Motion. (ECF No.

21  139.) Defendants filed a response (ECF No. 140) and Reed filed a reply (ECF No. 142).

22  Having reviewed these documents, the Court will deny the Motion.

23  **II.   LEGAL STANDARDS**

24          **A.    Motion for Reconsideration**

25          A motion to reconsider must set forth "some valid reason why the court should

26  reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to

27  persuade the court to reverse its prior decision." *Frasure v. United States*, 256

28  F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is

1   presented with newly discovered evidence, (2) committed clear error or the initial

2   decision was manifestly unjust, or (3) if there is an intervening change in controlling law."

3   *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for

4   reconsideration is not an avenue to re-litigate the same issues and arguments upon

5   which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280,

6   1288 (D. Nev. 2005).

7       A district court may decline to consider claims and issues that were not raised

8   until a motion for reconsideration. *Hopkins v. Andaya*, 958 F.2d 881, 889 (9th Cir. 1992).

9   It is not an abuse of discretion to refuse to consider new arguments in a reconsideration

10  motion even though "dire consequences" might result. *Schanen v. United States Dept. of

11  Justice*, 762 F.2d 805, 807-08 (9th Cir. 1985). Moreover, motions for reconsideration are

12  not justified on the basis of new evidence which could have been discovered prior to the

13  court's ruling. *Hagerman v. Yukon Energy Corp.*, 839 F.3d 407, 413-14 (8th Cir. 1988);

14  *see also E.E.O.C. v. Foothills Title*, 956 F.2d 277 (10th Cir. 1992). Mere disagreement

15  with an order is an insufficient basis for reconsideration. Nor should reconsideration be

16  used to make new arguments or ask the Court to rethink its analysis. *See N.W.

17  Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

18       **B.    Preliminary Injunction / TRO**

19        "'An injunction is a matter of equitable discretion' and is 'an extraordinary remedy

20  that may only be awarded upon a clear showing that the plaintiff is entitled to such

21  relief.'" *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (quoting *Winter v.

22  Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 32 (2008)). To qualify for a preliminary

23  injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a

24  likelihood of irreparable harm; (3) that the balance of hardships favors the plaintiff; and

25  (4) that the injunction is in the public interest. *Winter*, 555 U.S. at 20. Alternatively, in the

26  Ninth Circuit, an injunction may issue under a "sliding scale" approach if there are

27  serious questions going to the merits and the balance of hardships tips sharply in the

28  plaintiff's favor. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir.

1    2011). The plaintiff, however, must still show a likelihood of irreparable injury and that an

2    injunction is in the public interest. *Id.* at 1135. "[S]erious questions are those 'which

3    cannot be resolved one way or the other at the hearing on the injunction.'" *Bernhardt v.*

4    *Los Angeles Cty.*, 339 F.3d 920, 926-27 (9th Cir. 2003) (quoting *Republic of the*

5    *Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988)). They "need not promise a

6    certainty of success, nor even present a probability of success, but must involve a 'fair

7    chance of success on the merits.'" *Marcos*, 862 F.2d at 1362 (*quoting Nat'l Wildlife Fed'n*

8    *v. Coston*, 773 F.2d 1513, 1517 (9th Cir. 1985)). The standards for issuing a TRO and a

9    preliminary injunction are "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D.*

10   *Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *V'Guara Inc. v. Dec*, 925 F. Supp. 2d

11   1120, 1123 (D. Nev. 2013).

12        In the prison context, mandatory preliminary relief is only warranted where both

13   the facts and the law must clearly favor the moving party and "extreme or very serious

14   damage will result." *Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 2009)

15   (internal quotation omitted); *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard*

16   *Trust*, 636 F.3d 1150, 1160-61 (9th Cir. 2011). Furthermore, the Prison Litigation Reform

17   Act ("PLRA") restricts the equity jurisdiction of federal courts. *Gilmore v. California*, 220

18   F.3d 987, 999 (9th Cir. 2000) (citing § 3626(a)(2)). Under the PLRA, preliminary

19   injunctive relief must be "narrowly drawn," must "extend no further than necessary to

20   correct the harm," and must be "the least intrusive means necessary to correct the

21   harm." 18 U.S.C. § 3626(a)(2).

22   **III.   DISCUSSION**

23        The Magistrate Judge concluded that Reed had not shown evidence of

24   irreparable harm because he would be provided with the trial transcripts and evidence

25   he seeks once he files a federal habeas petition, pursuant to Rule 5 of Rules Governing

26   Section 2254 Cases. (ECF No. 127 at 6-7.) The Court adopted the Magistrate Judge's

27   reasoning. (ECF No. 129.)

28   ///

Reed argues that the Magistrate Judge and this Court committed clear error because in order to file a federal habeas petition in the first place, he needs to review his complete criminal trial transcripts. (ECF No. 130 at 2.) Specifically, Reed argues that because he is not allowed to attach exhibits to his federal petition, he needs to review his transcripts in order to properly summarize the grounds for his claims, including a claim based on the *mens rea* of his underlying conviction and a claim based on actual innocence. (*Id.* at 2-4.)

Notably, Reed describes the basis for his actual innocence claim at some length in his current Motion. (*See* ECF No. 130 at 4-5.) Additionally, any claim based on a misapplication of the *mens rea* requirement in the trial court must have been fully exhausted through state court channels, so it is not clear why Reed would be unable to state the basis for any such claim in a federal habeas petition without the relief he seeks. To the extent that Reed feels he is unable to fully formulate a claim in a habeas petition because he cannot access his full transcripts, he may amend his petition after receiving the transcripts and evidence he seeks. *See* U.S.C. § 2242 (application may be amended or supplemented as provided by the Federal Rules of Civil Procedure). At this stage, the harm Reed alleges remains "conjectural or hypothetical" and it is unclear that "a favorable judicial decision will prevent or redress" his injury. *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (explaining that to show standing for injunctive relief an alleged injury must be concrete, particularized, and imminent).

Therefore, the Magistrate Judge and this Court did not commit clear error in concluding that Reed had not demonstrated the kind of harm necessary for the issuance of a TRO or preliminary injunction.

## IV.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Reed's Motion.

It is therefore ordered that Reed's objection to Magistrate Judge Cooke's R&R (ECF No. 130.), which this Court has construed as a motion for reconsideration, is denied. The Court adopts the R&R in full. Reed's motions for preliminary injunction (ECF Nos. 96, 97) are denied.

DATED THIS 2nd day of August 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE