UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MAX REED II,<br><br>                       Plaintiff,<br>     v.<br>NEVADA DEPT. OF CORRECTIONS, *et al.*,<br>                       Defendants. | Case No. 3:14-cv-00313-MMD-CBC<br><br>ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE CARLA B. CARRY |

**I.      SUMMARY**

This is a civil rights action filed by Plaintiff Max Reed II, who is in the custody of the Nevada Department of Corrections ("NDOC"). Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla B. Carry (ECF No. 201) relating to Defendants Renee Baker, Harold Byrne, James Cox, Leslie Healer, Agnes Horn, Felix Kreskey, Grant Luce, Jack Palmer, Rex Reed, Melissa Travis, Lisa Walsh, Adam Watson, Kenneth Webb, and Jonathan Wilson's motion for summary judgment ("Motion") (ECF Nos. 183, 185 (errata)). Plaintiff objected to the R&R (ECF No. 204), and Defendants responded (ECF No. 207). The Court has reviewed these filings as well as the response and reply related to the Motion. (ECF Nos. 191, 195, 196 (corrected filing).) For the following reasons, the Court overrules Plaintiff's objection and adopts Judge Carry's Recommendation.

**II.     BACKGROUND**

Plaintiff is an inmate in the custody of the NDOC. The events giving rise to this action took place while Plaintiff was held at Ely State Prison ("ESP") and the Northern Nevada Correctional Center ("NNCC"). (ECF No. 31 at 3.) The Court adopts the discussion of the background and claims in the R&R. (ECF No. 201 at 2-4.)

## III. LEGAL STANDARD

### A. Review of the Magistrate Judge's Recommendations

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

In light of Plaintiff's objection to the Magistrate Judge's R&R, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Carry's R&R. Upon reviewing the R&R and records in this case, this Court finds good cause to adopt the Magistrate Judge's R&R in full.

### B. Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the

pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

///

## IV. PLAINTIFF'S OBJECTION (ECF NO. 204)

### A. Count I and II

In Counts I and II, Plaintiff asserts various claims alleging denial of access to the courts in different ways. (*See* ECF No. 31 at 10-19.) Judge Carry recommended granting summary judgment in favor of Defendants on these claims (as well as Counts III and VI) because Plaintiff did not adduce evidence that he suffered actual injury as required under *Lewis v. Casey*, 518 U.S. 343 (1996), such as missing a filing deadline or having a valid claim dismissed. (ECF No. 201 at 10.)

Plaintiff objects, arguing that he was injured (1) when he was unable to present an actual innocence claim on direct appeal or in his post-conviction habeas petition; (2) when he was unable to oppose Defendants' motion for summary judgment; and (3) when a civil case Plaintiff brought under 42 U.S.C. § 1983 was dismissed because Plaintiff missed a filing deadline. (ECF No. 204 at 3-5.)

Defendants argue that Plaintiff did not suffer any actual injury and that it was his own fault if he did—he refused to accept boxes of legal materials that were transferred to him from High Desert State Prison ("HDSP"). (ECF No. 207 at 3.) Defendants further argue that Plaintiff's § 1983 case was dismissed for failure to comply with LR 15-1(a) (requiring the moving party to attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading), and that Plaintiff did not show how his inability to review discovery evidence caused him to miss the deadline to file an amended complaint. (*Id.*)

The Court agrees with the Magistrate Judge's R&R. First, Plaintiff has not shown that "any alleged violation of his access to the courts impacted the outcomes of his criminal appeals." (ECF No. 201 at 10.) Both his appeals were reviewed by the Nevada Supreme Court and affirmed based on review of the totality of the evidence presented at trial. (*Id.* at 11; *see also* ECF No. 183-14 at 6-8; ECF No. 183-16 at 2-3.) Plaintiff did not lose because he failed to support his arguments on appeal with evidence. Rather,
///

1 all the evidence presented at trial allowed a reasonable trier of fact to conclude that
2 Plaintiff was guilty. (ECF No. 183-14 at 6; ECF No. 183-16 at 3.)

Second, Plaintiff has not shown that his habeas petition has been affected—he "fails to allege any specific filing or evidence he was unable to present during his post-conviction habeas petition." (ECF No. 201 at 12.) While Plaintiff generally argues that he was unable to present a particular claim—actual innocence—because he did not have access to CD-ROMs with witness testimony that there was no plan to murder anyone, the record shows that Plaintiff was able to litigate his case by filing numerous motions and briefs. (*See id.* at 12; ECF No. 183-17 (post-conviction habeas docket).) Moreover, Plaintiff did not rebut Defendants' assertion that Plaintiff was provided an opportunity to review the disks and refused. (*See* ECF No. 183 at 2-3; ECF No. 191 at 22-24 (only asserting that Plaintiff would have been required to contact his counsel to review the disks—not that Plaintiff was unable to do so).)

Third, Plaintiff has not shown that he was unable to oppose Defendants' motion for summary judgment in this case. His assertion in this regard is conclusory. (*See* ECF No. 204 at 4 ("Without access to my trial transcripts I could not identify any specific grounds that I am being prevented from presenting in my post-conviction and in my opposition to defendants motion for summary judgment.").)

Finally, Plaintiff's § 1983 case was dismissed after multiple opportunities to amend, and Plaintiff does not specifically identify how he was prevented from litigating his case based on his inability to review trial and discovery materials. (*See* ECF No. 204 at 5; ECF No. 191 at 18-19.)

Accordingly, the Court overrules Plaintiff's objection to the Magistrate Judge's Recommendation as to Counts I and II. The Court also overrules Plaintiff's objection to the extent that it is directed to the Magistrate Judge's Recommendation as to Counts III and VI—both for these reasons and the reasons discussed *infra* Section IV(B).

///

///

**B.     Counts III and VI**

Plaintiff argues that the Magistrate Judge applied the wrong legal standard to Plaintiff's claims in Counts III and VI. (ECF No. 204 at 6.) Plaintiff argues that the legal standard for claims related to denial of access to the courts prescribed in *Lewis*, 518 U.S. 343, is inapplicable to Counts III and VI because the claims involve Plaintiff's Sixth Amendment right to self-representation. (*Id.*)

Defendants argue that the legal standard prescribed in *Lewis* applies because Plaintiff's claims constitute *de facto* denial of access to the courts claims. (*See* ECF No. 207 at 4.)

The Court agrees with Defendants. The claims in Counts III and VI are the same as the claims in Counts I and II but for their labeling. In each of these claims, Plaintiff asserts that he was deprived of materials he needed for litigation and as a result was denied access to the courts (Counts I and II) or denied the opportunity to represent himself (Counts III and VI). (*See* ECF No. 31 at 10-13 (Count I), 14-19 (Count II), 21-22 (Count III), 25-30 (Count VI).)

Accordingly, the Court overrules Plaintiff's objection to the Magistrate Judge's Recommendation as to Counts III and VI.

**C.     Count IV**

In Count IV, Plaintiff alleges that his procedural due process rights were violated when ESP staff deducted funds from his inmate trust account on two occasions without authorization. (*Id.* at 23.) The Magistrate Judge recommended granting summary judgment in favor of Defendants on Count IV because an unauthorized deprivation of property by a prison official is not actionable in light of the meaningful post-deprivation remedy Nevada offers. (ECF No. 201 at 14.)

Plaintiff argues that the deduction was authorized by Administrative Regulation ("AR") 258.08. (ECF No. 204 at 7.) But Plaintiff's assertion directly contradicts the finding of the Seventh Judicial District Court in Case No. CV-1405060 that one of the deductions was unauthorized. (ECF No. 201 at 15 (citing ECF No. 191 at 95).) As to the

deduction that was allegedly authorized, Plaintiff has not presented any legal argument to support his allegation that he was deprived of due process. (ECF No. 204 at 7; ECF No. 191 at 19-20.)

Accordingly, the Court overrules Plaintiff's objection to the Magistrate Judge's Recommendation as to Count IV.

**D.   Count V**

In Count V, Plaintiff alleges that John Doe destroyed Plaintiff's personal photographs. (ECF No. 31 at 24.) The Magistrate Judge recommended granting summary judgment in favor of Defendants on Count V because Plaintiff has been unable to determine the identify of John Doe in the two years since this case was filed. (ECF No. 201 at 15.)

Plaintiff objects, arguing that he was prevented from identifying John Doe when HDSP staff destroyed his civil case discovery and work product. (ECF No. 204 at 7.) But Plaintiff has not specifically identified the materials that would have enabled him to identify John Doe. (*Id.* at 7; ECF No. 191 at 20-21.)

Accordingly, the Court overrules Plaintiff's objection to the Magistrate Judge's Recommendation as to Count V.

**V.   CONCLUSION**

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Carla B. Carry (ECF No. 201) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 183) is granted.

It is further ordered that the Clerk of the Court enter judgment and close this case.

DATED THIS 4th day of March 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

7